# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| TYLER LUKAT, | |
| Petitioner, | Civil No. 18-2680 (JRT/BRT) |
| v. | **ORDER** |
| NATE KNUTSON, *in his official capacity as Warden of Minnesota Correctional Facility - Moose Lake*, | |
| Respondent. | |

Tyler Lukat, Reg. No. 238850, 92 Magnolia Avenue West, Saint Paul, Minnesota 55117, *pro se* petitioner.

Peter R. Marker, Assistant Ramsey County Attorney, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 345 Wabasha Street North, Suite 120, Saint Paul, Minnesota 55102, for respondent.

Petitioner Tyler Lukat, a Minnesota prisoner,[1] filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge Becky Thorson issued a Report and Recommendation ("R&R") that concluded Lukat had failed to exhaust state remedies as required by the statute and recommended that the Court deny the Petition. Lukat filed an Objection with the Court, arguing that the Magistrate Judge had erred on the question of exhausting of remedies. Because the Court concludes that Lukat failed to raise his

---

[1] Although Lukat is no longer imprisoned in MCF-Moose Lake, he remains on supervised release and is therefore still subject to control of the State.

federal constitutional claims during his state direct appeal, the Court will overrule Lukat's Objection, adopt the R&R, and deny Lukat's Petition for a Writ of Habeas Corpus.

## BACKGROUND

### I. STATE-COURT TRIAL

On February 4, 2016, prosecutors from the Ramsey County Attorney's Office charged Lukat with one count of theft of a motor vehicle and possession of a firearm after being convicted of a crime of violence. *State v. Lukat*, No. 62-CR-16-6279 (Minn. Dist. Ct.) ("*Lukat* Register"), http://pa.courts.state.mn.us (last visited Apr. 15, 2020). Lukat was arrested when Saint Paul Police Officer Avery Yager observed a Honda Civic, the license plate of which matched a Honda Civic that had recently been reported stolen, "slide through an intersection without stopping." *State v. Lukat*, No. A17-0581, 2018 WL 817841, at *1 (Minn. App. Feb. 12, 2018). While searching the car after arresting Lukat, police found shaved keys, burglary paraphernalia, and a handgun. *Id.*

At trial, prosecutors sought to admit Lukat's three prior motor-vehicle theft convictions. *Lukat*, 2018 WL 817841, at *2. In Minnesota, "other-crimes evidence is not admissible to demonstrate that the defendant (a) has a propensity to commit crimes and (b) acted in accord with that propensity." *State v. Smith*, 932 N.W.2d 257, 266 (Minn. 2019) (citing Minn. R. Evid. 404(b)). However, other-crimes evidence, "called *Spreigl* evidence after [the Minnesota Supreme Court's] decision in *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965), 'may be admitted only for limited, specific purposes,'

including 'showing motive, intent, knowledge, identity, absence of mistake or accident, or a common scheme or plan.'" *Id.* (quoting *State v. Ness*, 707 N.W.2d 676, 685 (Minn. 2006)). "Even if offered for one of these purposes, *Spreigl* evidence will not be admitted 'if its probative value is substantially outweighed by its tendency to unfairly prejudice the factfinder.'" *Id.* (quoting *Ness*, 707 N.W.2d at 685).

The prosecution argued that Lukat's previous convictions should be admitted to show absence of mistake or accident and "that Lukat knew . . . he did not have consent to drive the Civic." *Lukat*, 2018 WL 817841, at *2. The trial court allowed the convictions to be admitted. *Id.* The jury convicted Lukat on both counts. *Id.*

## II.   DIRECT APPEAL

Lukat appealed his conviction, arguing that the trial court had erred by admitting the *Spreigl* evidence because the "probative value of the prior-convictions evidence was outweighed by its potential for unfair prejudice." *Id.* at *3. The Minnesota Court of Appeals agreed, concluding that the trial court had abused its discretion by allowing the State to "offer[] the prior-convictions evidence . . . without any of the underlying facts about the individual prior offenses" because the convictions alone, stripped of their factual contexts, "showed neither knowledge nor absence of mistake." *Id.*

However, the Court of Appeals did not reverse or order a new trial because it determined that the error did not significantly affect the verdict. *Id.* at *4; *see Ness*, 707 N.W.2d at 681 (noting that a new trial is only necessary when erroneously admitted

*Spreigl* evidence "significantly affected the verdict").The Court of Appeals pointed to the trial-court record, which contained "evidence that refuted Lukat's description of events" and "DNA evidence and thumbprint evidence that showed that Lukat had touched the ejection-port area of the gun." *Lukat*, 2018 WL 817841, at *4.  The panel concluded that there was "not a reasonable possibility that the wrongfully admitted *Spreigl* evidence significantly affected the verdict" and affirmed Lukat's conviction.  *Id.*

Lukat filed a petition for review ("PFR") with the Minnesota Supreme Court. (Habeas Pet., App'x B ("PFR"), Sept. 14, 2018, Docket No. 1.)  He argued that the Court of Appeals erred in finding the wrongly admitted *Spreigl* evidence was harmless.  (*Id.* at 6 ("Because the record shows more than a reasonable possibility that the erroneous admission of the prior crimes evidence significantly affected the jury's verdicts, this court should review the court of appeals' decision and reverse Lukat' s convictions.").)  The Minnesota Supreme Court denied the PFR.  (Habeas Pet. at 2, Sept. 14, 2018, Docket No. 1.)

### III.    HABEAS PETITION

Lukat filed a petition for a writ of habeas corpus with the Court in September 2018. (*Id.*)  He argued that the wrongly admitted *Spreigl* evidence deprived him of his "right to a fair trial by jury under the Sixth Amendment and Fifth Amendment . . . ."  (*Id.* at 5.)  In an R&R, the Magistrate Judge concluded that, because he had failed to raise his Fifth and Sixth Amendment arguments in his PFR, Lukat did not meet the requirement in 28 U.S.C.

§ 2254(b)(1)(A) that "a person in custody pursuant to the judgment of a State court . . . exhaust[] the remedies available in the courts of the State " and that his petition should be denied. (R&R at 4, 10, Aug. 9, 2019, Docket No. 17.) Lukat filed Objections to the R&R, in which he argued that the Magistrate Judge had erred when she determined that he had not raised his federal constitutional claims in his PFR application. (Objs., Sept. 6, 2019,[2] Docket No. 20.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R. 72.2(b)(3).

### II. LUKAT'S OBJECTIONS

Lukat objects to the Magistrate Judge's conclusion that he failed to raise his federal constitutional claims in his PFR application to the Minnesota Supreme Court. He argues

---

[2] Ordinarily, a party must file objections to a dispositive motion or prisoner petition within 14 days of being served a copy of the R&R. D. Minn. Local R. 72.2(b)(1). Lukat filed a motion to extend his time to file on August 20, 2019, which the Court granted. (*See* Mot. to Extend, Docket No. 18; Order, Aug. 21, 2019, Docket No. 19.)

that his statement in the PFR that "the court of appeals erroneously concluded that the district court's error in admitting evidence of Lukat's prior convictions was 'harmless'" was sufficient to put the Minnesota Supreme Court on notice of his Fifth and Sixth Amendment claims. (Objs. at 3 (quoting PFR at 5).) The Court disagrees.

Under 28 U.S.C. § 2254, "a petitioner must exhaust available state remedies by fairly presenting his claim in each appropriate state court." *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (cleaned up). "[T]o fairly present a claim, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Id.* (cleaned up).

The Court cannot read any portion of Lukat's PFR as referring to any specific federal constitutional right or case relating to such a right.[3] Indeed, the PFR does not mention the Constitution or any specific case at all. Instead, it focuses entirely on the state-law question of whether the Minnesota Court of Appeals erred when it concluded that although the trial court wrongly admitted the *Spreigl* evidence, the admission was harmless error. Because Lukat failed to fairly raise his Fifth and Sixth Amendment arguments in his PFR, he failed to exhaust state remedies, as required by 28 U.S.C.

---

[3] Although Lukat is *pro se* in this case, he was represented by counsel at the time he submitted his PRF. (*See* PFR at 1, 6.)

§ 2254(b)(1)(A), and the Court cannot grant him a writ of habeas corpus. Therefore, the Court will overrule Lukat's Objection, adopt the R&R, and deny his § 2254 Petition.

### III. CERTIFICATE OF APPEALABILITY

The Magistrate Judge recommended that the Court should not grant Lukat a Certificate of Appealability ("COA"). (R&R at 9.) Lukat did not specifically object to this recommendation, as required by D. Minn. Local R. 72.2(b). However, even if Lukat had objected to this recommendation, the Court would have overruled the objection.

Generally, one cannot appeal the denial of a § 2254 Petition. 28 U.S.C. § 2253(c)(1)(A). However, the Court may issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases such as this, where denial of the petition is procedural and the Court does not reach the merits of the claim, the Court should grant a COA "when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) . Because the Court concludes that no other jurist of reason could read the PFR as stating a valid federal constitutional claim, and because both tests must be satisfied to grant a COA, the Court will not grant one Lukat.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 20] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 17] is **ADOPTED**; and

3. Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 20, 2020  
at Minneapolis, Minnesota.

                                                    JOHN R. TUNHEIM  
                                                       Chief Judge  
                                            United States District Court